615 A.2d 967

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**William Dale BECRAFT, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1992.

Decided Sept. 4, 1992.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

Daryl F. Moyer, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

PELLEGRINI, Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) appeals an Order of the Berks County Court of Common Pleas sustaining an appeal of William Dale Becraft (Becraft) from the Department's action in suspending his operating privileges for 60 days for his conviction for failing to stop for a school bus with flashing red lights.

On September 26, 1990, Becraft was stopped by a member of the Middlesex Township Police Department in Cumberland County, Pennsylvania, and issued a citation for violation of Section 3345(a) of the Vehicle Code, 75 Pa.C.S. § 3345(a), for passing a school bus with flashing red lights. At the time of the violation, Becraft was on active military duty with the United States Army National Guard and was driving a United States Army vehicle on official business but not pursuant to an emergency situation. Becraft possessed both a valid Pennsylvania driver's license and a valid military driver's license. Becraft only presented the officer with his Pennsylvania driver's license.

On December 10, 1990, a hearing was held before a local District Justice regarding Becraft's citation and he was found

guilty and ordered to pay a $184.00 fine. (25a–26a).[1] Becraft appealed his conviction to the Cumberland County Court of Common Pleas. On appeal, Becraft requested a change in the designation of his conviction from his Pennsylvania driver's license number 16240596 to his United States Government Motor Vehicle Operator's Identification Card Number ARNG–125–88, which the Court granted. (56a).

On April 17, 1991, prior to the change in designation by the Cumberland County Court of Common Pleas, the Department mailed an official notice to Becraft advising him that five points had been assessed against his Pennsylvania driving record, and that his operating privilege was scheduled to be suspended for 60 days pursuant to Section 1535 of the Vehicle Code, 75 Pa.C.S. § 1535. Becraft then appealed the Department's action to the Berks County Court of Common Pleas (trial court).

■ The trial court held a *de novo* hearing and sustained Becraft's appeal. The trial court held that because the Cumberland County Court of Common Pleas designated that the conviction should be charged to Becraft's military license, the Department had no power to suspend Becraft's Pennsylvania operating privileges. (56a). The trial court relied on Section 1502(2) of the Vehicle Code, 75 Pa.C.S. § 1502(2), which exempts members of the United States Armed Forces from obtaining a Pennsylvania driver's license when they are furnished with a valid military driver's license and operating an official vehicle on official business. (56a–57a). In its Order, the trial court stated that "any action taken by the ... Department ... against [Becraft] should be taken against his military license # ARNG–125–88 and not his Pennsylvania license." (45a). The Department now appeals.[2]

1. The numbers in the parenthesis represent the pages of the Reproduced Record.

2. Our scope of review in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed, and whether the trial court's decision demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth of Pennsylvania,* 116 Pa.Common-

The Department contends that the trial court erred as a matter of law when it directed that any action must be taken against Becraft's military license. The Department argues that while it recognizes that it has no power to suspend Becraft's military operating privilege, it can suspend Becraft's civilian Pennsylvania operating privilege, even though he was driving under a military license, citing the rationale of our decision in *Department of Transportation, Bureau of Driver Licensing v. Cern,* 145 Pa.Commonwealth Ct. 647, 604 A.2d 1135 (1992). Becraft contends that because he was driving a military vehicle under a military license, the matter is one of military supremacy and the only action which can be taken is by the military against his military license. We agree with the Department and will reverse.

In *Cern,* this Court held that the Department could not revoke a non-resident's out-of-state "driver's license," the Department could revoke the Pennsylvania "operating privilege" of a New Jersey resident licensed in New Jersey as a habitual offender for three traffic offenses committed while driving in Pennsylvania. We held that while Section 1502(3) of the Vehicle Code, 75 Pa.C.S. § 1502(3), exempts non-residents from the licensing requirements, Section 1546(a) of the Vehicle Code, 75 Pa.C.S. § 1546(a), empowers the Department to suspend or revoke the "privilege of driving a motor vehicle on the highways of the Commonwealth given to a non-resident . . . in like manner and for like cause as a resident's operating privilege." *Id.* at 654, 604 A.2d at 1139.

Even though the Department cannot suspend Becraft's military operating privileges, the rationale in *Cern* that the Department can suspend the Pennsylvania operating privilege of a non-resident driver also applies to a member of the military, whether a resident or non-resident, operating a military vehicle pursuant to a military license on public highway in this Commonwealth which is not involved in an emergency military situation. The military license is to be treated the same as a non-resident's out-of-state driver's license.

wealth Ct. 413, 541 A.2d 1183 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989).

■ Moreover, a review of applicable Federal Governmental regulations concerning the operation of military vehicles demonstrate that any notion. of federal military supremacy over the violation of state traffic regulations while a military vehicle is being driven off military property on a public highway and not involved in an emergency military situation has been waived.

Part 634 of the Federal Regulations governing the Department of the Army, DOD, establish rules regarding Motor Vehicle Traffic Supervision (Motor Vehicle Regulation). 32 C.F.R. §§ 634.1–54 (1991). Subpart B, Section 634.6 of the Motor Vehicle Regulation, deals with driving privileges and provides that a person who has been given the privilege of operating a government military vehicle must possess and produce on demand to law enforcement personnel "[a] valid *State,* overseas command, host nation, or international driver's license *and/or* OF 346 (*U.S. Government Motor Vehicle Operator's Identification Card*), as applicable, supported by a DD Form 2A (*U.S. Armed Forces Identification Card*)." 32 C.F.R. § 634.6(a)(3)(ii) (1991). (Emphasis added.)[3]

Subpart D, Section IV of the Motor Vehicle Regulation deals with Off–Installation Traffic Activities, with Section 634.41 providing that:

> *In areas not under military control,* civil authorities enforce traffic laws. Law enforcement authorities will establish a system to exchange information with civil authorities.... Procedures should be established to process reports received from civil authorities on *serious traffic viola-*

3. As to military operating privileges, the Motor Vehicle Regulation provides the installation commander with the discretionary power to suspend or revoke the driving privileges on a government military installation and the privilege of driving military vehicles generally. 32 C.F.R. § 634.10 (1991). A system for assessing points and suspending a military driver's license similar to the one in the Vehicle Code is also set forth in the regulation. 32 C.F.R. §§ 634.44–48. Another regulation which deals specifically with Driving Under the Influence (DUI) provides that when a military driver's privileges have been suspended for DUI or the failure to take a chemical alcohol test while driving on a military installation, the military will also notify the Department of such an incident. 32 C.F.R. § 62b.4(d) (1991).

*tions,* accidents, and intoxicated driving incidents involving persons subject to this regulation.

32 C.F.R. § 634.41 (1991). (Emphasis added.)

Moreover, Section 634.42 of the Motor Vehicle Regulation provides that:

(a) Installation commanders will inform service members and DOD civilian employees *to comply with State and local traffic laws when operating military motor vehicles.*

> \* \* \* \* \* \*

(c) Installation commanders will maintain liaison with civil enforcement agencies and encourage the following:

> \* \* \* \* \* \*

(2) Prompt notice to military authorities when military personnel or drivers of Government motor vehicles have—

(i) *Committed serious violations of civil traffic laws.*

> \* \* \* \* \* \*

(3) Prompt notice of *actions by a State* or host nation *to suspend,* revoke, or restrict *the State* or host nation *driver's license (vehicle operation privilege) of persons who—*

(i) Operate Government motor vehicles.

32 C.F.R. § 634.42 (1991). (Emphasis added).

 Moreover, the Cumberland County Court of Common Pleas action in changing the designation of Becraft's conviction is irrelevant and a nullity. While the trial court hears an appeal of a summary offense *de novo,* the trial court's only concern is the person's guilt or innocence of the offense charged. *See Commonwealth v. Gamarino,* 299 Pa.Superior Ct. 144, 445 A.2d 189 (1982); *Jenkins v. Commonwealth,* 70 Pa.Commonwealth Ct. 241, 452 A.2d 1121 (1982). The issue of which license the conviction is to be designated to for the purpose of assessment of points and suspension is for the Department and the military to determine once notice of the conviction is forwarded them.

 Because Becraft was found guilty of the offense charged while driving a vehicle on a public highway in this Commonwealth, his operating privileges were properly sus-

pended by the Department under the provisions of the Vehicle Code.[4] Accordingly, we will reverse the Order of the trial court and remand to the trial court to reinstate the Department's action.

## ORDER

AND NOW, this 4th day of September, 1992, the Order of the Berks County Court of Common Pleas dated December 6, 1991, is reversed and the case is remanded to the trial court to reinstate the Department's action.

Jurisdiction relinquished.

---

4. We note that this is not a situation where a person with an out-of-state license is convicted of a traffic offense committed on Federal property which is clearly outside the jurisdiction of the Department, such as a National Park or military installation. *See Swift v. Commonwealth of Pennsylvania, Department of Transportation,* 121 Pa.Commonwealth Ct. 135, 550 A.2d 272 (1988).